IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OBED FILOMENO-CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>CESAR R. MIRANDA-RODRÍGUEZ, ET AL.,<br><br>Defendants. | CIV. NO.: 13-1221(SCC) |

**OPINION AND ORDER**

In 2003, Petitioner Obed Filomeno-Cruz was sentenced by a state-court judge to thirty years in prison for the robbery of a flower shop in Carolina, Puerto Rico. In 2013, Filomeno filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Docket No. 3, and on May 7, 2015, I held an evidentiary hearing regarding his claim, Docket No. 84. I now deny his petition.

1. **Factual Background**

On October 19, 2002, a man robbed a flower shop in

Carolina, Puerto Rico. At gunpoint, the store was robbed and the owner and several customers were ordered into the store's refrigerator, where they were left. They emerged sometime later to find the assailant gone.

Agent José Delgado of the Police of Puerto Rico investigated the robbery. Several days after the incident, the flower shop's owner, Milagros Vázquez-Rivera, called him and said that she had seen a television news story about a robbery at a Subway store; she recognized the Subway assailant as the same person who had robbed her store. Agent Delgado learned from the agents investigating the Subway robbery that Filomeno was suspected of that crime.

At the time, Filomeno was living at a rehabilitation home called Mount Horeb. Agent Delgado picked him and brought him to the station for a lineup. According to his testimony, he was brought to the station where four individuals who he later learned were the robbery victims—who were presumably there to make identifications in a lineup—were also present.[1]

---

1. I have listened several time to Filomeno's testimony about when the witnesses saw him, and I simply cannot tell when or where the sighting took place. In the space of just a few moments, Filomeno made statements suggesting that it happened after he was brought inside the station; outside the station after being removed from a patrol car; and

All four of those individuals identified him, including the store owner. At Filomeno's trial, the prosecution was based on these witnesses' identifications, which were repeated in court.[2] Filomeno was never charged with the robbery of the Subway, as the complainant in that case ultimately withdrew her identification of Filomeno.

A legal aid attorney was appointed to represent Filomeno. According to Filomeno's testimony, which I found largely credible, this attorney was not diligent in keeping up communications with Filomeno, and he did not consult Filomeno regarding his representation. Indeed, Filomeno denies having

---

before being put in a patrol car. I cannot resolve which of these statements was correct.

2. According to Filomeno, the trial testimony of both Vázquez and Agent Delgado indicated that Agent Delgado showed Vázquez several photos of Filomeno before the lineup. *See* Docket No. 29, at 7. These facts, if proved, would have been analytically important. But they were not offered at the hearing, and I cannot take Filomeno's word for the content of the trial transcript, which has never been filed. I understand this decision to have been motivated by the prohibitive cost of translating a 380-page transcript from Spanish. *See id.* at 5 n.2. I am sympathetic to Filomeno and the Federal Defenders on this point, but these facts could have been proved by other means: partial translations of the transcript could have been offered, or Filomeno could have subpoenaed Vázquez and/or Agent Delgado.

had an opportunity to even tell his counsel about the questionable lineup procedure, and the attorney never filed a motion to suppress the identifications.

Despite this lack of communication, Filomeno's counsel performed a sufficient investigation to present an alibi defense at trial: he called several witnesses in an attempt to show that Filomeno was at Mount Horeb at the time of the crime and, in fact, could not possibly left Mount Horeb on account of its security.[3] He called Rebeca Maldonado-Natal, a counselor for the Department of Corrections, who testified about referring Filomeno to Mount Horeb but who could not account for his whereabouts on the day of the robbery; Urbano Ayala-Tañon, the pastor in charge of Mount Horeb, who testified that Filomeno had not left Mount Horeb that day but who was himself not present the day of the robbery; and Edwin García-Pérez, another resident of Mount Horeb, who testified that at the time of the robbery Filomeno was with him in the Mount Horeb kitchen preparing lunch. At the hearing, Filomeno testified that had he been asked by his lawyer, he would not

---

3. Filomeno's counsel also called the agent in charge of the Subway investigation, who testified that the complainant had recanted her identification of Filomeno.

FILOMENO-CRUZ v. MIRANDA-RODRIGUEZ                                Page 5

have supported calling any of these witnesses—Maldonado and Ayala because they were not present, and García because a jury would not have believed the word of a drug addict. Filomeno does not say who we would have called, however, or what defense he would have liked to see instead.[4]

## 2. Analysis

Filomeno argues that his trial counsel rendered ineffective assistance of counsel which harmed him several ways. He spends most of his time on a claim that the attorney should have moved to suppress the identification testimony, but he also points to supposed errors in the attorney's decisions regarding which witnesses to call and his general failure to investigate the case. Filomeno has not met his burden as to any of these claims.

### 2.1 The Lineup

On direct appeal, Filomeno challenged the victims' identification testimony, arguing that it should have been suppressed. The court of appeals rejected this challenge, agreeing with the Court of First Instance that even if there had been procedural

---

4. Filomeno has at all times proclaimed his innocence in the flower shop robbery, and he testified that he would not have accepted any plea deal on account of this fact.

irregularities in the lineup, the victims' trial identifications would nonetheless have been valid. Resp.'s Exh. A. This may suffice to bar Filomeno's claim under 28 U.S.C. § 2254(d), which forbids in most circumstances petitions by state prisoners regarding claims rejected on the merits by the state court. I cannot tell whether this is true, however, because the materials submitted at the hearing do not show whether the argument that Filomeno now makes—that his attorney's poor investigation prevented a challenge to the lineups based on suggestiveness—was presented to and decided by the state court. I need not resolve this question, however, because even if it was not, Filomeno is not entitled to relief.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his attorney's conduct "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also prove that he was prejudiced by his counsel's mistake. *Id.* Here, I will not address the question of whether Filomeno's counsel erred, because I find that Filomeno cannot show prejudice in any case.

To show prejudice from a failure to file a suppression motion, the petitioner must "prove that his . . . claim is merito-

rious *and* that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The problem for Filomeno is that even if all of his testimony is taken as true, it does not suffice to prove that the lineup violated the Constitution. The Supreme Court has held that lineups may offend due process only if the "suggestive circumstances" that make them problematic are "arranged by law enforcement." *Perry v. New Hampshire*, 132 S. Ct. 716, 730 (2012). Where the circumstances of the identification are "not police-rigged, any dispute about the identification's reliability is for the jury." *United States v. Correa-Osorio*, 784 F.3d 11, 19 (1st Cir. 2015). Here, Filomeno testified that he saw the victims at the police station, but based on his testimony I cannot say whether this created suggestive circumstances, much less whether those circumstances were created by the police. That is, he did not testify about whether the victims saw him, nor did he testify about the layout of the police station so that the Court could understand whether these facts were, for example, simply the result of everyone being in a small office; he did not testify about how many other people were present, or whether they included the other individuals in the lineup; he did not testify about

| FILOMENO-CRUZ v. MIRANDA-RODRIGUEZ | Page 8 |
|---|---|

whether he was handcuffed, or whether there were other circumstances that would have indicated to the victims that he was under special suspicion; and most importantly, he could not have testified as to whether the police put the victims and Filomeno together in the same place on purpose, and he did not subpoena those officers so that the Court would have an opportunity to consider their credibility.[5] On these facts, I could not reasonably find either suggestiveness or police arrangement in the lineup.[6] Given that proving prejudice was Filomeno's responsibility, I conclude that his testimony was simply too thin a basis on which to find that he would have prevailed on his suppression argument had it been properly

---

5. In his amended petition, Filomeno suggests that he was seen outside the police station as he emerged from a patrol car. If the other witnesses were simply waiting there of their own accord, it seems rather unlikely that the sighting (if the witnesses indeed saw Filomeno) was police arranged rather than a coincidence. But of course I do not know where Filomeno was, or even whether it was before the lineup.

6. The First Circuit has explicitly reserved the question of whether, under *Perry*, the police-arranged suggestiveness must be intentional. *United States v. Espinal-Almeida*, 699 F.3d 588, 603 n.16 (1st Cir. 2012). Filomeno's amended petition does not cite *Perry* or even mention the requirement that suggestive circumstances be police-arranged. *See* Docket No. 29. Unsurprisingly, then, neither does it address whether that arrangement must be intentional.

| FILOMENO-CRUZ v. MIRANDA-RODRIGUEZ | Page 9 |
|---|---:|

presented to the trial court.[7]

**2.2 The Trial Witnesses**

Filomeno also argues that his counsel erred in calling the witnesses he did at trial. Filomeno did not call his trial counsel as a witness, so I have no actual evidence of his strategic thinking. It is apparent, however, that he was trying to construct for Filomeno an alibi defense. Plainly, this defense was unsuccessful, however, and Filomeno was convicted. Nonetheless, I see no route to relief for Filomeno on this claim.

Decisions about which witnesses to call—and what kind of defense to make—are generally given to the attorney's discretion, and challenges to such decisions are considered skeptically. *Pina v. Maloney*, 565 F.3d 48, 55–56 (1st Cir. 2009). It is thus not especially relevant whether Filomeno himself would have called any of the witnesses that his lawyer called; rather, the question is whether the lawyer made a strategic

---

7. The allegations in the amended petition regarding the police showing the store owner pictures of Filomeno prior to the lineup would likely be both sufficiently suggestive and police-arranged to satisfy *Perry*. However, given that same conduct did not taint the other witness's identifications, it is highly unlikely that the jury would have reached a different conclusion had the owner's testimony been excluded for this reason.

decision after a complete investigation of the facts. *Id.* at 55. This question is difficult to answer. To be sure, Filomeno's testimony that his counsel essentially never asked him questions about the facts suggests that an insufficient inquiry was made; on the other hand, the attorney must have conducted *some* investigation to have found the alibi witnesses that he did. And resolving this conflict is difficult in the absence of the attorney's testimony: I have no idea what he did or why he did it.

Additionally, Filomeno has not shown any prejudice from the calling of these witnesses. The testimony of Ayala and Maldonado perhaps did not do Filomeno as much good as his counsel would have liked—neither was present on the day of the robbery, so they could not specifically testify to his whereabouts—but neither did they testify to any facts that actually hurt Filomeno or made his conviction more likely. And García's testimony was the most direct evidence of Filomeno's innocence that he could have hoped for. As any defense attorney knows, calling a drug addict and felon is a risky move, but in certain circumstances it may also be a necessary one. Filomeno's lawyer plainly thought the circumstances weighed in favor of calling García, and knowing what I know

about the facts I am inclined to think this was the right call. After all, if García did not testify, what defense was Filomeno left with? It would have been the word of five eyewitnesses standing uncontradicted. And given that Filomeno testified that he would not have under any circumstances taken a plea, the inevitable result of such a scenario would have been conviction. Not calling the alibi witnesses would not have changed the trial's result. I thus deny Filomeno's motion on these grounds.

**2.3 Other Matters**

In his amended petition, Filomeno also points to other alleged prejudice suffered as a result of his attorney's failure to undertake a sufficient factual investigation. For example, he argues that the lawyer failed to "investigate potentially exculpatory evidence, such as the video of the fast food robbery, or the original police Incident Report." Docket No. 29, at 18. But neither this video or the incident report were admitted at the hearing, and so it is impossible to conclude that Filomeno suffered prejudice as a result of his attorney's failure to discover either piece of evidence.

Similarly, Filomeno argues that his lawyer "failed to make proper objections to inadmissible, prejudicial testimony by

| FILOMENO-CRUZ v. MIRANDA-RODRIGUEZ | Page 12 |
|---|---|

[the] prosecutors['] witness regarding a previous robbery investigation." *Id.* However, the specifics of this allegation were not explored during the hearing (and the trial transcript was not admitted into evidence), and so it is not possible to know whether the attorney erred, much less whether prejudice was suffered as a consequence.

### 3. Conclusion

As I explain above, I find that Filomeno has failed to meet his burden in demonstrating that his attorney failed to perform at the constitutionally required level and that he was prejudiced by this failure. For that reason, I have no choice but to deny his petition for habeas corpus. Furthermore, because I find that Filomeno has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I deny a certificate of appealability. Judgment shall follow.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of November, 2015.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE